UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

JACOBS I. MATHEW-ALMEIDA         USDC.C.A.No.

V.

DANIEL J. DUCLOS et al

PLAINTIFF'S VERIFIED COMPLAINT:

INTRODUCTION:

   Plaintiff Matthew-Almeida files this action pursuant to 42 USC §1983 for assault and battery stemming from excessive force and false imprisonment that arosed from an unlawful arrest by Defendants in violation of the constitution and state law.

JURSDICTION:
JURSDICTION IS INVOKED UNDER 42 USC § 1983 and intentional assault and battery of the Massachusetts Tort Law.

PARTIES:

   1. Plaintiff Jacobs I. Matthew-Almeida is lawfully committed to the Department of Corrections. He currently reside at MCI-Concord.

   2. Defendant Daniel J. Duclos is a Newbeford Police officer , who is responsible to upholding the laws of the Commonwealth and Federal laws including protection of its citizens. He is being sued in his individual capacity as a Newbedford Police officer.

   3. Defendant Jorge Santos is a Newbedford Police officer, who is responsible for upholding the laws of the Commonwealth and Federal laws including the protection of its citizens. He is being sued in his individual capacity as a Newbedford Police officer.

STATEMENT OF FACTS:

   ₴. On or about September 5, 2016, there was reported shooting of a victim on Rivet Street and Second Street in Newbeford Ma.

4. The victim was grazed in the head with a bullet after being accosted by 4 men, beaten and pistol whipped. See Exhibit (Ex) A Police report hereto attached.

5. Initial description of the vehicle that in which the four men fled was grey or black nisson or toyota vehicle. There was no physical description of the assailents from the victim. The only other description provided by witnesses was four black males. Ex. A.

6. Some later, Officer Henry Turgeon puportedly radio in to dispatch indicating that black sedan with the plates "4GJ" in which allegedly was provided by a witness to the crime to an officer according to the report later filed after Plaintiff's arrest.

7. Plaintiff and three other teens exited Petro Mart gas station located at 171 Coggeshall Street. Defendants Duclos, Santos and officer Turgeon approached the four men. Defendant Duclos instructed Plaintiff to put his hands on top of the car. Plaintiff asked why. and Defendant Duclos became irrate and began screaming profanies at Plaintiff to put his hands on top of the car.

8. Defendant Duclos quickly grab Plaintiff, pushed him up against the car and attempted to handcuff Plaintiff. Plaintiff repeatedly what was going on and why is he being handcuffed. Defendant Duclos placed one handcuff on Plaintiff and refused to answer. Instead Defendant Duclos began to twist Plaintiff's wrist which spun Plaintiff around part way.

9. Defendant Duclos rammed Plaintiff's head into the car window a shattering the glass and injury Plaintiff's head and kneck. Then Defendant Duclos began to punch and beat Plaintiff until he fell onto the concrete. Defendant Santos ran over to hold Plaintiff down as Defendant Duclos handcuffed Plaintiff. Then Defendant Duclos striked Plaintiff a couple more times in the back of the head and face until Defendant Santos stopped him.

10. During Defendant Duclos's assault on Plaitiff, Jonathan Manning and another began to shout to stop to Defendant Duclos. Mr. Manning informed the officers that he had a handgun in the car but that Plaintiff had nothing to do with the gun.

11. Plaintiff was placed in the back of the police car, despite Mr. Manning's confession, Plaintiff was still transported to the police station and booked on possession of the gun found in the car. These charges were possession of firearm without a license, carrying a firearm with amminution, discharging a firearm with 500 feet of building; A.& B w/ Dangerous weapon; assault w/ dangerous weapon, A & B; maliscious destruction of property. Hereto attached as Ex. B.

12. Plaintiff was held on $10,000 bail for the incident and probation held him on no bail based on the new offenses leaving Plaintiff detained until the outcome of the matter.

13. Plaintiff informed the Defendant Duclos and Santos of his intent to press charges for having been assaulted during booking. Defendants both fabricated their force reports to conceal the assault by indicating that Plaintiff had resisted when in fact Plaintiff had merely asserted his right o be informed why he was being stopped and instructed to place his hands on the car. See Ex. C. Duclos and Santos's report.

14. Defendants' and officers began to include facts in their report after Plaintiff's and four other's arrest to appear that there was specific information about the car in which the others had traveled in that was provided to the officers in order to justify the stop , which could and did not happen.

15. The gun found in the car was tested and discovered that it had not been fired, nor did Plaintiff or the others had any gunpowder residu on them or their clothes, despite this facts, Plaintiffs were arrested for the assault on Rivet Street and Second Street. Ultimately, all charges were dismissed by the Superior Court against Plaintiff.

16. During Plaintiff false arrest and imprisonment he suffered psychological effects from the beating and false imprisonment that left him unable to eat for a period of time nor sleep. Plaintiff was prescribed several anti depressive to cope and to aid with his sleep. See Medical records hereto attached.

17. Plaintiff also suffered head and neck injuries from the beating and a swollen face. Nor was Plaintiff offerred medical services after the assault.

18. Defendant Duclos violated Plaintiff's 8th amendment rights and equal protections under the law to the U.S. Constitution and Massachusetts Tort law of intentional assault and battery in using unecessary and unwarranted force resulting in excessive forrce.

19. Defendants Duclos and Santos violated Plaintiff's equal protection under the law when they filed false reports to conceal Defendant Duclos's physical abuse of Plaintiff in order to coerce Plaintiff from exercising a complaint against Duclos in violation of Massachusetts Tort law of intentional misrepresentation.

20. Defendants Duclos and Santos violated Plaintiffs 1st amendment rights to seek redress under the U.S. Constitution when they fabricated their report inorder to justify and conceal Defendant's Duclos's physical abuse of Plaintiff in further violation of the Massachusetts Tort Law intentional misrepresentation.

21. Plaintiff is now 21 years old, and have no experience with pursuing legal claims before the Court. He had been recently informed that he had an action against both Defendants by his cellmate, who is a jailhouse attorney. Which delayed his initial filing. This discussion occurred in December 20, 2019.

CAUSE OF ACTION:

COUNT I. 8TH AMENDMENT VIOLATION AS SECURED BY 42 USC § 1983

Plaintiff invokes and incorporates paragraphs 1 -21 herein below:

22. Defendant Duclos by his actions and ommisions violated Plaitiffs Matthews-Almeida 8th amendment rights to the U.S. Constitution when he assaulted and beat Plaintiff without cause and excessively for simply asking the officer why he was being asked to stop or being stopped, instructed to assume the position against the car and then being placed in handcuffs as secured by the 42 USC §1983.

COUNT II. MASSACHUSETTS TORT LAW VIOLATION OF INTENTIONAL ASSAULT AND BATTERY

Plaintiff invokes and incoporates 1-22 herein below:

23. Defendant Duclos by his actions and omissions violated the Massachusetts Tort Law of intentional assault and battery when he beat and assaulted Plaintiff without cause and excessively for simply asking the Defendant why he was being stopped, instructed to place his hands on the car, and then being placed in handcuffs. In violation of the Massachusetts Tort Law.

COUNT III. G.L.c. 12 § 11H and I CIVIL RIGHTS VIOLATION

Plaintiff invokes and incorporates paragraphs 1-22 herein below:

5.

23. Defendant Duclos by his actions and omission did interefere with Plaintiff's equal protection under the law , to be free of physical assault for exercising his right to question the lawfulness of the Defendants conduct to stop, subject him to search and then handcuff him by subjecting him to physical assault and battery to intimidate and coerce him to give up his protected speech. In violation of Plaintiffs' 1st, 14th and 8th amendment rights to the U.S. Constitution article 9, 16 to the Massachusetts Declaration of rights.

COUNT IV.  MASSACHUSETTS TORT LAW VIOLATION OF INTENTIONAL MISREPRESENTATION & INTENTIONAL EMOTIONAL DISTRESS

Plaintiff invokes and incorporates herein below:

24. Defendant Dulcos and Santos by their actions and omissions violated the Massachusetts Tort Law of intentional misrepresentation , when both Defendants fabricated their police reports in to cover up the physical assault commited by Defendant Duclos by presenting Plaintiff as noncompliant and physical confrontation in order to force Plaintiff from execising his right to file a complaint against Defendant Duclos as protected under the 1st amendment rights to the U.S. Constitution. Both Defendants omitted the entirety of the physical assault.

25. Defendant Duclos by his actions and omissions did violate and inflict Plaintiff with intentional emotional distress by physically assaulting and beating him for questioning Defendant's lawfulness in stopping him, instructing him to assume the position, and then placing him in handcuffs.

V. FALSE IMPRISONMENT IN VIOLATION OF MASSACHUSETTS TORT LAW

Plaintiff invokes and incorpoartes paragraphs 1-25 herein below:

26. Defendant Duclos by his actions and omissions did subject Plaintiff to false arrest when he arrested and booked Plaintiff for the crime committed on Rivet St and Second Street after his hands and clothes tested negative of residue from a GSR test and he nor anyone else was identified as the assailant. Also for charging Plaintiff with possession of the gun found in the car when another person, Jonathan Manning confessed that the gun was his and exculpated Plaintiff of any wrong doing. Which resulted being placed on $10,000 bail and no bail on his probation based on the new arrest until his case was dismissed.

6.

PRAYERS OF RELIEF:

Wherefor, Plaintiff Matthews-Almeida humbly request that this Court grant the following relief:

A. Award Plaintiff compensatory damages for his civil rights violations $50,000 each defendant;

B. Award Plaintiff punative damages in the amount of $25,000 each defendant for his constitutional violations.

C. Award Plaintiff compensatory damages in the $100,000 for Defendants violation of his constitutional rights under G.L.c. 12 §11I & 11H

D. Award Plaintiff compensatory in the amount of $100,000 for false imprisonment that resulted in his detention for over 10 months.

E. Award Plaintiff compensatory damages in the amount of $25,000 for the remaining Tort laws violations against each Defendant.

F. Award Plaintiff attorney fees pursuant to 42 USC §1988

G. Award Plaintiff Court Cost, Pursuant to Rule 54(d) &(e)

H. Award whatever other justice that this Court deems fit

Respectfully Submitted
Pro-se

Dated: January 1, 2020

Jacobs Matthews-Almeida
P.O. Box 9106
Concord Ma 01742

VERIFICATION OF COMPLAINT:
I, Joacobs Matthew-Almeida verify that I did read this complaint paragraphs 1-26 and they are true and accurate under the pains and penalties of perjury:

Dated: January 1, 2020

Signed